IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 7 |
| CHARLES BOOHER, | ) |
| | ) CASE NO. 04-74179 |
| DEBTOR. | ) |
| | ) |

| | |
|---|---|
| AMERICAN GENERAL FINANCIAL | ) |
| SERVICES OF AMERICA, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) ADVERSARY PROCEEDING |
| v. | ) NO. 04-07145 |
| | ) |
| CHARLES BOOHER, | ) |
| | ) |
| DEFENDANT | ) |

## MEMORANDUM DECISION

This adversary proceeding concerns the Debtor's pre-petition purchase on September 4, 2004 of a diamond ring from Royal Jewelers entirely on the basis of credit provided by American General Financial Services of America ("American General"), which apparently received a security interest in the ring, and his attempt by means of his Chapter 7 petition, signed by the Debtor on October 6, 2004, thirty days later, and filed with this Court seven days thereafter on October 13, to obtain a discharge of his responsibility for payment of such ring, which in the meantime he had given to his wife or the woman who became his wife. Not surprisingly, American General is outraged by this turn of events and has demanded that the Debtor either pay for the ring or return it.

        This Court after consultation with and agreement of counsel entered a pre-trial order on May 5, 2005 directing that a joint stipulation of relevant facts be filed by May 16, which was done, and that simultaneous briefs be filed by June 15 and responses be filed by June 24. The order provided that un-excused non-compliance with the order would result in sanctions. Counsel for American General filed a timely brief on June 14. Counsel for the Debtor failed to file any brief and by the date of this decision had not responded to this Court's ensuing letter of inquiry dated June 24. A copy of the joint Stipulation of Facts is attached as an exhibit to this decision.

        Although the Debtor listed American General as an unsecured creditor in Schedule F of his petition, he did not list the ring as an asset. Furthermore, in his answer to question no. 7 in his Statement of Financial Affairs to the petition, he denied that he had made any gifts worth $200 or more in the year preceding the filing of his petition. He also denied in response to question no. 1 of such Statement that he had any earnings for the year of his filing. Although in his Statement of Intention filed with the petition he indicated an intent to reaffirm liability of some of his secured debts, he indicated no such intent with respect to his debt on the ring.

        Neither party has requested a trial of the issues presented in this adversary proceeding and each takes the position that the stipulated facts are sufficient for the Court to make a decision. From the stipulated facts, therefore, the Court will make the inference that, in view of the close proximity of time between the date of purchase of the ring and the bankruptcy filing, no suggestion having been made that any disaster occurred in the interim to change the Debtor's financial circumstances or his perceived need for bankruptcy relief, Mr. Booher purchased the ring with an intent (i) not to pay for it and (ii) to discharge his liability for such

purchase in a bankruptcy case.

This finding of fact justifies the legal conclusion that the ring was obtained as a result of false pretenses, false representation, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A). This Court has previously held that, in the absence of evidence to the contrary, one who incurs indebtedness makes an implied representation to the creditor that he or she intends to repay the credit extended and that the creditor reasonably relies upon such a representation of bona fide and good faith intent in extending the credit. This holding is based upon the rationale that no normal reasonable person would extend credit to one who he knew had no intention of repaying the debt. *See Widner v. First N. Am. Nat'l Bank (In re Widner)*, 285 B.R. 913 (Bankr. W.D. Va. 2002), *aff'd*, 2003 U.S. Dist. LEXIS 2307 (W.D. Va. Feb. 14, 2003).

The Court further notes that it has jurisdiction of this adversary proceeding by virtue the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The determination of the dischargeability of a particular debt is a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

For the reasons stated the Court by a separate order will declare that the Debtor's obligation to American General arising out of the September 5, 2004 purchase is non-dischargeable. This determination is without prejudice to any rights American General may have to pursue recovery of the ring in which it claims a security interest.

This 15 th day of July, 2005.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE